IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Thomas Wayne Linder, ) | Case No. 9:24-cv-03159-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Kevin R. Tolson, John G. Hicks, Sgt. ) | |
| Ratchford, Sgt. Jinx, Lt. Hall, J. Niqvi, ) | |
| Sgt. Parham, Cpl. Watson, Childers, ) | |
| Chaplin Pence, Housing Officer ) | |
| Trabue, Supervisor Dellinger, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 9.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings.

Plaintiff's pro se Complaint was entered on the docket on May 22, 2024 [Doc. 1], as was a motion for leave to proceed in forma pauperis[*] [Doc. 2]. On September 4, 2024, the Magistrate Judge issued an Order explaining several specific deficiencies with Plaintiff's claims and granting him leave to amend his Complaint. [Doc. 5 at 2–6.] In that same Order, the Magistrate Judge also directed Plaintiff to file the documents necessary to bring the case into proper form for the issuance and service of process. [*Id*. at 6–8.] Plaintiff was informed that his failure to comply with the Order within the time permitted

---

[*] In her Report, the Magistrate Judge stated that Plaintiff was "proceeding pro se and in forma pauperis" [*see* Doc. 9 at 1], but there is no indication on the docket that Plaintiff's motion for leave to proceed in forma pauperis has been granted.

would subject his case to dismissal. [*Id*.] Plaintiff did not respond to the Order within the time prescribed, and on December 12, 2024, the Magistrate Judge issued a Report recommending that the matter be summarily dismissed for failure to state a claim and failure to comply with the September 4, 2024, Order. [Doc. 9.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do. [*Id*. at 10.] Plaintiff has filed no objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.

Accordingly, Plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] is DENIED and this action is summarily DISMISSED without prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

January 13, 2025
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.